## Ex parte Loubriel.

Apelación procedente de la Corte de Distrito de San Juan.

No. 115.—Resuelto en abril 7, 1904.

Dominio—Posesión para Adquirirlo—Buena Fe—Justo Título—Prescripción Ordinaria.—La posesión quieta y pacífica, por veinte años, no es suficiente por sí sola, para adquirir, por la. prescripción ordinaria, el dominio (*) de los inmuebles, pues además es necesaria la buena fe y justo título, presumiéndose la primera y siendo necesario probar el último.

### Exposición del Caso.

En los autos seguidos en el Tribunal de Distrito de San Juan por Don Manuel Loubriel y Cabrera, por sí y en representación de sus hermanos Doña Carmen, Doña Trinidad,

Doña Providencia y Don Agustín Loubriel y Cabrera y Don Segundo Loubriel y Fonseca, como herederos de su difunto padre Don Modesto Loubriel, sobre declaratoria de dominio de varias fincas urbanas: autos pendientes ante nos a virtud del recurso de apelación interpuesto por el promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, que copiada a la letra dice así:

"21 de agosto de 1903. Dada cuenta con este expediente promovido por Don Manuel Loubriel y Cabrera, por sí y en representación de su hermanos Doña Carmen, Doña Trinidad, Doña Providencia y Don Agustín Loubriel y Cabrera, y Don Segundo Loubriel Fonseca, sucesores del finado Don Modesto Loubriel, sobre dominio de varias fincas urbanas sitas en el pueblo de Bayamón.

"*Resultando:* que en 27 de enero último acudió a este tribunal el citado Loubriel manifestando, que poseyendo la mencionada sucesión de su padre una casa con su solar en la calle del Rey del indicado pueblo, otro solar con dos casas en la calle de la Santa Cruz del mismo pueblo, y otro solar en la propia calle, con una tira de terreno a su fondo, carecía de título escrito de las referidas fincas, no habiéndolo tenido tampoco su finado padre Don Modesto, fallecido el 25 de agosto del año próximo pasado, por lo que promovía el oportuno expediente a tenor de lo dispuesto en los artículos 395 y siguientes de la Ley Hipotecaria, con el fin de justificar el dominio de dichas fincas, a cuyo efecto pedía se le admitiesen las pruebas que estaba dispuesto a ofrecer con audiencia del Ministerio Fiscal y citación de los anteriores dueños y colindantes.

"*Resultando:* que en dicho escrito manifestó haber adquirido la sucesión Loubriel dichas fincas por herencia de su causante Don Modesto, quien hubo la primera por herencia de su hijo Don Alberto (*) Loubriel y Cabrera a favor de quien aparece inscrita en el registro de la propiedad de esta capital, al folio 149, vuelto del tomo tercero de Bayamón; la segunda por compra a Marcelino Pardo y la tercera por venta que de ella le hiciera Don Esteban Giménez.

"*Resultando:* que admitida la información ofrecida con citación del Sr. Fiscal, de los anteriores dueños Don Marcelino Pardo y Don Esteban Giménez, y de los colindantes de las mencionadas fincas, sin haberse presentado interrogatorio alguno por el promovente, fueron examinados al tenor de su escrito inicial los testigos Don Pablo Lavan-

dero y Don José Alonso González, vecinos de Bayamón, casados, propietarios y mayores de edad; cuyas declaraciones juradas constituyen toda la prueba ofrecida por el promovente.

"*Resultando:* que los mencionados testigos sólo declaran constarles que las fincas mencionadas pertenecen a la Sucesión Loubriel por herencia de su padre Don Modesto, quien las poseyó a nombre propio sin oposición de tercera persona durante más de veinte años, en cuyas mismas condiciones las poseen actualmente sus referidos herederos.

"*Resultando:* que nada declaran los indicados testigos, ni se ha ofrecido ninguna otra prueba respecto al modo en que Don Modesto Loubriel adquiriera el dominio de las repetidas fincas, para que pudiera trasmitirlo a sus herederos y sucesores, no habiéndose acreditado tampoco en forma alguna que Don Modesto Loubriel heredara de su hijo Don Alberto Loubriel y Cabrera en todo o en parte la primera finca a que se contrae su pretensión, ni manifestádose siquiera de quien la hubo Don Alberto para que también se le hubiese citado como anterior poseedor, ya que habiendo muerto aquél su citación personal era imposible.

"*Resultando:* que en la sustanciación del expediente se han observado los trámites prescritos por la ley, sin que a la pretensión deducida por el promovente se haya hecho oposición alguna.

"*Considerando:* que esto, no obstante, no es dable acceder a ella por ser de todo punto deficientes las probanzas ofrecidas, toda vez que no se han justificado los títulos en virtud de los cuales adquirió Don Modesto Loubriel las fincas de que se trata, ni siquiera indicádoles sus testigos, que no mencionan a ninguno de los anteriores poseedores, ni tampoco los títulos que tuvieran.

"*Considerando:* que si en realidad aparece el dominio de la primera finca inscrito en el registro de la propiedad a favor de Don (*) Alberto Loubriel y Cabrera, acreditando en dicho registro que su padre Don Modesto fué su único heredero y que por el fallecimiento del último lo han heredado a su vez sus seis hijos al principio mencionados, eso basta para que a favor de los últimos se inscriba el dominio de la expresada finca, sin que proceda que lo ordene este tribunal, siendo así que por el contrario, el espíritu y letra de la Ley Hipotecaria se opone a la sustanciación de expedientes de esta naturaleza para obtener la inscripción de un dominio ya inscrito en el registro de la propiedad.

"*Considerando:* por último que la mera posesión de veinte ni

222

de veinte y un años sin buena fe y justo título de adquisición, no es suficiente para prescribir el dominio de los bienes inmuebles, pues la ley exige en tal caso el transcurso de treinta años a lo menos.

"Vistas las disposiciones de la Ley Hipotecaria y del Código Civil aplicables al caso: se declara que la Sucesión de Don Modesto Loubriel, en cuyo nombre ha promovido y seguido este expediente Don Manuel Loubriel, no ha justificado haber adquirido por ninguno de los medios que la ley reconoce el dominio de las fincas a que se contrae su pretensión, la que por lo mismo se declara sin lugar.

"Lo acordó y firma el tribunal; certifico. Frank H. Richmond, Tosé Tous Soto. El Juez Presidente Don Juan Morera Martínez votó en sala y no firma por ausencia: Frank H. Richmond. Luis Méndez Vaz."

*Resultando:* que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos y que elevados los autos a esta superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente, señalándose día para la vista, a cuyo acto sólo asistió el Señor Fiscal de este tribunal que impugnó el recurso.

Abogado de los apelantes: *Sr. Monserrat.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada. (*)

*Considerando:* que apreciadas las pruebas practicadas y que se reducen al testimonio de dos testigos que han declarado en estos autos, no es posible declarar que la sucesión de Don Modesto Loubriel haya justificado el dominio de los inmuebles de que se trata en el presente informativo, toda vez que no se acredita el tiempo que llevan en posesión los promoventes; y si bien los dos testigos presentados declaran que Don Modesto Loubriel poseyó por más de 20 años, sin oposición de tercera persona, esa circunstancia por sí sola no es suficiente

para adquirir el dominio de los bienes inmuebles, por la prescripción ordinaria, que es la que sirve de fundamento a la solicitud, puesto que además de la posesión por el tiempo que requiere la ley, se exigen la buena fe y el justo título, requisito este último que no se presume, y es necesario probarlo, y que en el presente caso no se ha justificado, pues los testigos no expresan el título en virtud del cual hubiera adquirido esos inmuebles el difunto Don Modesto Loubriel, de quien se dice que los heredaron los promoventes, y por consiguiente, no es posible acceder a la declaratoria de dominio que se interesa.

*Vistos* los artículos 395 de la vigente Ley Hipotecaria y 1940, 1952, 1953 y 1954 del antiguo Código Civil, y la Orden Judicial de 4 de abril de 1899.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.(*)